| SUMMONS - CIVIL<br>JD-CV-1   Rev. 6-11<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* | See page 2 for instructions |
|---|---|---|

| | |
|---|---|
| [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>[X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>[ ] "X" if claiming other relief in addition to or in lieu of money or damages. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (   ) | June          5 , 2012<br>Month      Day    Year |

| [X] Judicial District<br>[ ] Housing Session | G.A.<br>[ ] Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>**New Haven** | Case type code *(See list on page 2)*<br>Major: **M**          Minor: **90** |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Clendenen & Shea, LLC, 400 Orange Street, New Haven CT 06511 | 09775 |

| Telephone number *(with area code)*<br>(203) 787-1183 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| Number of Plaintiffs: 2 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:   Fracasse, Tracy, 32 Quarry Lane, Hamden, CT 06518<br>Address: | P-01 |
| Additional Plaintiff | Name:   Brown, K. Lee, 54 Wilridge Road, Wilton, CT 06897<br>Address: | P-02 |
| First Defendant | Name:   People's Bank, 850 Main Street, Bridgeport, CT 06604<br>Address: | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)*<br>*[signature]* | [X] Commissioner of the<br>Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>**William H. Clendenen, Jr.** | Date signed<br>05/03/2012 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only |
|---|---|
| I certify I have read and understand the above:    Signed *(Self-Represented Plaintiff)*           Date | File Date |

Name and address of person recognized to prosecute in the amount of $250

**Lynne M. Tourville, 400 Orange Street, New Haven, CT 06511**

| Signed *(Official taking recognizance; "X" proper box)*<br>*[signature]* | [X] Commissioner of the<br>Superior Court<br>[ ] Assistant Clerk | Date<br>05/03/2012 | Docket Number |
|---|---|---|---|

RETURN DATE:  FIRST TUESDAY OF JUNE, 2012

TRACY FRACASSE and K. LEE    : SUPERIOR COURT
BROWN    :
    :
    PLAINTIFFS    :
    :
V.    : JUDICIAL DISTRICT OF
    : NEW HAVEN AT NEW HAVEN
    :
PEOPLE'S UNITED BANK    :
    DEFENDANT    : MAY 3, 2012

## COMPLAINT

1.    For all times relevant to this Complaint, the plaintiff, Tracy Fracasse, was an individual residing at 32 Quarry Lane in Hamden, Connecticut.

2.    For all times relevant to this Complaint, the plaintiff, K. Lee Brown, was an individual residing at 54 Wilridge Road in Wilton, Connecticut.

3.    Upon information and belief, the Defendant, People's United Bank, is a federally chartered stock savings bank with its principal place of business and home office at 850 Main Street, Bridgeport, Connecticut 06604.

4.    The plaintiff, Tracy Fracasse, was employed by the Defendant from approximately November 1983 through January 2012, and was promoted to

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

the position of a mortgage underwriter in the Defendant's Bridgeport office in approximately August 2006.

5.     The plaintiff, K. Lee Brown, was employed by the Defendant from approximately March 2009 through January 2012, as a mortgage underwriter in the Defendant's Bridgeport office.  Although K. Lee Brown initially was hired to work on a temporary basis, she became a permanent employee on May 2, 2010.

6.     While employed as underwriters for the Defendant, Tracy Fracasse and K. Lee Brown (collectively "the Plaintiffs") were responsible for one or more of the following tasks: reviewing mortgage applications that had been declined by an automated underwriting system to determine whether the loan application should have been approved pursuant to the defendant's clearly established guidelines; reviewing loan documentation to ensure completeness and accuracy; and conveying information to borrowers to facilitate the receipt of documents necessary to complete loan applications.

7.     In the course of their employment, the Plaintiffs were not authorized to make financial decisions and could not override the mortgage underwriting system without management's permission and direction.

2

LAW OFFICES · CLENDENEN & SHEA, LLC · JURIS NO. 09775
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183

8.     The work performed by the Plaintiffs did not require the exercise of discretion and independent judgment with respect to matters of significance, nor did it include work directly related to the management or general business operations of the Defendant.  Rather, the work involved the routine processing of producing of mortgage loans, which was a basic service provided by the Defendant.

9.     In order to process the number of mortgage loans necessary to meet the business demands of the Defendant, the Plaintiffs frequently were required by the Defendant to work in excess of forty (40) hours a week.

10.     On average, for the duration of the time that they were employed by the defendant as underwriters, the Plaintiffs were required to work approximately sixty (60) hours a week to satisfy the business demands of the Defendant.

11.     For the duration of time that she was employed by the Defendant as an underwriter, Tracy Fracasse did not receive overtime compensation for any of the hours that she worked in excess of forty (40) hours per work week.

12.     While employed as a temporary underwriter, K. Lee Brown received overtime compensation; however, once her position was made permanent, the

Defendant paid her a fixed salary that did not include compensation for any hours that she worked in excess of a forty (40) hour work week.  K. Lee Brown's job responsibilities did not change as a result of the transition from temporary to permanent employee.

13.     Pursuant to the Connecticut Minimum Wage Act, General Statutes §§ 31-60 and 31-76C, Connecticut employers, including the Defendant, are required to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

14.     As underwriters, the Plaintiffs were non-exempt employees who were entitled to receive overtime compensation for any work performed in excess of forty (40) hours per work week.

15.     Upon information and belief, the Defendant knew that the Plaintiffs performed work that required overtime compensation.  The Defendant has operated under a plan and scheme to deprive permanent mortgage underwriters, including the Plaintiffs, of overtime compensation by misclassifying them as exempt employees.

4

16.    On numerous occasions, the Plaintiffs complained about the number of overtime hours they were required to work to meet the business demands of the Defendant, but the Defendant misinformed the Plaintiffs that its policies and practices, including its failure to pay overtime compensation to the Plaintiffs, were permitted under Connecticut law.

17.    As a result, the Plaintiffs continued to work hours well in excess of forty (40) hours per work week without receiving the overtime compensation required under General Statutes §§ 31-60 and 31-76C.

18.    During this time, the Plaintiffs suffered increasing levels of stress and anxiety due to the Defendant's unrealistic job expectations.

19.    The Plaintiffs' increasing levels of stress and anxiety were compounded by the Defendant's failure to adequately compensate the Plaintiffs for the work that was necessary to meet the Defendant's unrealistic job expectations.

20.    The stressful work conditions culminated to the point where Tracy Fracasse had no choice but to tender her resignation on December 29, 2011 for health-related reasons, said resignation and constructive termination effective on January 20, 2012.

5

21.    For similar reasons, K. Lee Brown was placed on permanent medical leave and constructively terminated effective January 4, 2012.

**FIRST COUNT (Unjust Enrichment)**

1-21.    Paragraphs 1 through 21 are incorporated as paragraphs 1 through 21 of the First Count, the same as if fully alleged herein.

22.    While employed as underwriters in the Defendant's Bridgeport office, the Plaintiffs were required to work excessive hours without receiving the overtime wages that are properly due and owing to them under Connecticut law.

23.    The Defendant has profited from the Plaintiffs' labor but has not adequately compensated them for the same.

24.    The Defendant's refusal to pay all overtime wages that are properly due and owing to the Plaintiffs was to the Plaintiffs' detriment.

25.    As a result of the Defendant's policy, practice and/or scheme of classifying the Plaintiffs as exempt from overtime compensation under Connecticut law and its practice of failing and refusing to pay overtime compensation when its work demands required them to work in excess of forty (40) hours a week, the Defendant has been unjustly enriched.

LAW OFFICES • CLENDENEN & SHEA, LLC • JURIS NO. 09775
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

## SECOND COUNT (Negligent Infliction of Emotional Distress as to Tracy Fracasse)

1-21. Paragraphs 1 through 21 of the First Count are incorporated as paragraphs 1 through 21 of the Second Count, the same as if fully alleged herein.

22.    The Defendant's policy, practice and/or scheme of classifying Tracy Fracasse as exempt from overtime compensation under Connecticut law and its practice of failing and refusing to pay overtime compensation when its work demands required her to work in excess of forty (40) hours a week created a work environment that carried an unreasonable risk of causing her emotional distress that might result in illness or bodily harm.

23.    The Defendant knew or should have known that requiring Tracy Fracasse to work excessive hours without compensation would cause her to suffer emotional distress.

24.    Due to the Defendant's aforementioned policy, practice and/or scheme, for at least three years prior to her constructive termination, Tracy Fracasse was caused to suffer severe emotional and mental distress, some or

7

all of which may be permanent in nature, including but not limited to stress, anxiety, frustration and embarrassment.

25.   Tracy Fracasse's mounting emotional distress was exacerbated on or about October of 2011, when she began experiencing anxiety attacks that were directly related to the excessive amount of hours that she was required to work without compensation to meet the unreasonable business demands of the Defendant.

26.   As a further result of the Defendant's aforementioned policy, Tracy Fracasse was and is severely limited in and unable to enjoy fully and participate in daily activities, including basic living activities and social and recreational activities.  In addition, Tracy Fracasse may have to limit her lifestyle and activities in the future as a result of said injuries.

27.   As a further result of the Defendant's aforementioned policy, practice and/or scheme, Tracy Fracasse has become liable for and has been forced to spend large sums of money for medical care and treatment and will be obliged to pay/reimburse further sums in the future.

8

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

**THIRD COUNT**   **(Negligent Infliction of Emotional Distress as to K. Lee Brown)**

1-21.   Paragraphs 1 through 20 of the Second Count are incorporated as paragraphs 1 through 20 of the Third Count, the same as if fully alleged herein.

22.   The Defendant's policy, practice and/or scheme of classifying K. Lee Brown as exempt from overtime compensation under Connecticut law and its practice of failing and refusing to pay overtime compensation when its work demands required her to work in excess of forty (40) hours a week created a work environment that carried an unreasonable risk of causing her emotional distress that might result in illness or bodily harm.

23.   The Defendant knew or should have known that requiring K. Lee Brown to work excessive hours without compensation would cause her to suffer emotional distress.

24.   Due to the Defendant's aforementioned policy, practice and/or scheme, K. Lee Brown was caused to suffer severe emotional and mental distress, some or all of which may be permanent in nature, including but not limited to stress, anxiety, frustration and embarrassment.

LAW OFFICES  ·  CLENDENEN & SHEA, LLC
400 ORANGE STREET  ·  NEW HAVEN, CT 06511  ·  (203) 787-1183  ·  JURIS NO. 09775

25.    K. Lee Brown's mounting emotional stress was exacerbated on or about November of 2011, when she began experiencing anxiety attacks that were directly related to the excessive amount of hours that she was required to work without compensation to meet the unreasonable business demands of the Defendant.

26.    As a result of the emotional distress that she suffered as a result of the Defendant's aforementioned policy, practice and/or scheme, K. Lee Brown was placed on permanent medical leave effective January 4, 2012.

27.    As a further result of the Defendant's aforementioned policy, K. Lee Brown was and is severely limited in and unable to enjoy fully and participate in daily activities, including basic living activities and social and recreational activities.  In addition, K. Lee Brown may have to limit her lifestyle and activities in the future as a result of said injuries.

28.    As a further result of the Defendant's aforementioned policy, practice and/or scheme, K. Lee Brown has become liable for and has been forced to spend large sums of money for medical care and treatment and will be obliged to pay/reimburse further sums in the future.

**FOURTH COUNT** **(Wrongful Termination in Violation of Public Policy as to Tracy Fracasse)**

1-21.   Paragraphs 1 through 21 of the First Count are incorporated as paragraphs 1 through 21 of the Fourth Count, the same as if fully alleged herein.

22.   The Defendant's policy, practice and/or scheme of classifying Tracy Fracasse as exempt from overtime compensation under Connecticut law and its practice of failing and refusing to pay overtime compensation when its work demands required her to work in excess of forty (40) hours a week imposed working conditions that were so difficult and intolerable that a reasonable person would feel forced to resign.

23.   After working for the Defendant for more than twenty-three years, Tracy Fracasse was left with no other alternative than to tender her resignation effective January 20, 2012, to avoid further severe emotional distress.

24.   The Defendant's aforementioned policy, practice and/or scheme that resulted in the constructive discharge of Tracy Fracasse's employment was in violation of numerous important public policies embodied in statutory provisions concerning payment of wages, including the following:

11

(a)     the public policies articulated in the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including §207(a)(1), which prohibits an employee from working in excess of forty (40) hours per week unless she receives compensation for excess hours at a rate not less than one and one-half times the regular rate at which she is employed;

(b)     the public policies articulates in the Connecticut Minimum Wage Act, General Statutes §§ 31-58 et seq., including §§ 31-71a and 31-76b, which prohibits an employee from working in excess of forty (40) hours per week unless she receives compensation for excess hours at a rate not less than one and one-half times the regular rate at which she is employed;

25.     As a result of the Defendant's constructive discharge of Tracy Fracasse, Tracy Fracasse has suffered lost compensation, including but not limited to lost wages, fringe benefits, pension credits, and the termination of her employment.

26.     As a further result of the Defendant's constructive discharge of Tracy Fracasse, Tracy Fracasse has suffered humiliation, anxiety, pain, suffering and emotional distress.

LAW OFFICES · CLENDENEN & SHEA, LLC · JURIS NO. 09775
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183

**FIFTH COUNT (Breach of Covenant of Good Faith and Fair Dealing as to Tracy Fracasse)**

1-24.    Paragraphs 1 through 24 of the Fourth Count are incorporated as paragraphs 1 through 24 of the Fifth Count, the same as if fully alleged herein.

25.    A covenant of good faith and fair dealing is implied in every employment relationship, including the relationship between Tracy Fracasse and the Defendant.

26.    As a non-exempt employee, Tracy Fracasse reasonably expected to receive compensation for the hours she was required to work in excess of the typical forty (40) hour work week.

27.    Tracy Fracasse also reasonably expected that the Defendant would comply with federal and state wage laws, including the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including §207(a)(1), and the Connecticut Minimum Wage Act, General Statutes §§ 31-58 et seq., including §§ 31-71a and 31-76b.

28.    Tracy Fracasse also reasonably expected that the Defendant would not seek to evade its obligations under the federal and state wage laws by misclassifying her as an exempt employee.

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 08775

29.    The Defendant breached the covenant of good faith and fair dealing in that with bad faith and with an interested or sinister motive, the Defendants engaged in acts that include but are not limited to some or all of the following:

(a)    the Defendant failed and refused to pay Tracy Fracasse the overtime compensation that she was entitled to receive for every hour she worked in excess of forty (40) hours per work week;

(b)    the Defendant failed and refused to comply with federal and state wage laws regarding the payment of overtime compensation;

(c)    the Defendant evaded its obligations under the federal and state wage laws by misclassifying Tracy Fracasse as an exempt employee.

(d)    the Defendant imposed working conditions that were so difficult and intolerable that a reasonable person would feel forced to resign;

30.    As a proximate result of the Defendant's breach of the implied covenant of good faith and fair dealing, Tracy Fracasse has suffered lost compensation, including but not limited to lost wages, fringe benefits, pension credits, and the termination of her employment.

LAW OFFICES  •  CLENDENEN & SHEA, LLC  •  JURIS NO. 09775
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183

31.    As a further result of the Defendant's breach of the implied covenant of good faith and fair dealing, Tracy Fracasse has suffered humiliation, anxiety, pain, suffering and emotional distress.

32.    Tracy Fracasse's mounting emotional distress was exacerbated on or about October of 2011, when she began experiencing anxiety attacks that were directly related to the excessive amount of hours that she was required to work without compensation to meet the unreasonable business demands of the Defendant.

33.    As a further result of the Defendant's aforementioned policy, Tracy Fracasse was and is severely limited in and unable to enjoy fully and participate in daily activities, including basic living activities and social and recreational activities.  In addition, Tracy Fracasse may have to limit her lifestyle and activities in the future as a result of said injuries.

34.    As a further result of the Defendant's aforementioned policy, practice and/or scheme, Tracy Fracasse has become liable for and has been forced to spend large sums of money for medical care and treatment and will be obliged to pay/reimburse further sums in the future.

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

**SIXTH COUNT** **(Wrongful Termination in Violation of Public Policy as to K. Lee Brown)**

1-21.   Paragraphs 1 through 21 of the First Count are incorporated as paragraphs 1 through 21 of the Sixth Count, the same as if fully alleged herein.

22.   The Defendant's policy, practice and/or scheme of classifying K. Lee Brown as exempt from overtime compensation under Connecticut law and its practice of failing and refusing to pay overtime compensation when its work demands required her to work in excess of forty (40) hours a week imposed working conditions that were so difficult and intolerable that she was required to take permanent medical leave.

23.   The Defendant's aforementioned policy, practice and/or scheme that resulted in a constructive discharge of K. Lee Brown's employment was in violation of numerous important public policies embodied in statutory provisions concerning payment of wages, including the following:

(a)   the public policies articulated in the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including §207(a)(1), which prohibits an employee from working in excess of forty (40) hours per week unless she receives

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

compensation for excess hours at a rate not less than one and one-half times the regular rate at which she is employed;

      (b)    the public policies articulates in the Connecticut Minimum Wage Act, General Statutes §§ 31-58 et seq., including §§ 31-71a and 31-76b, which prohibits an employee from working in excess of forty (40) hours per week unless she receives compensation for excess hours at a rate not less than one and one-half times the regular rate at which she is employed;

24.    As a result of the Defendant's constructive discharge of K. Lee Brown, K. Lee Brown has suffered lost compensation, including but not limited to lost wages, fringe benefits, and the eventual loss of her employment.

25.    As a further result of the Defendant's constructive discharge of K. Lee Brown, K. Lee Brown has suffered humiliation, anxiety, pain, suffering and emotional distress.

LAW OFFICES • CLENDENEN & SHEA, LLC • JURIS NO. 09775
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

## SEVENTH COUNT (Breach of Covenant of Good Faith and Fair Dealing as to K. Lee Brown)

1-23.   Paragraphs 1 through 23 of the Sixth Count are incorporated as paragraphs 1 through 23 of the Seventh Count, the same as if fully alleged herein.

24.   A covenant of good faith and fair dealing is implied in every employment relationship, including the relationship between K. Lee Brown and the Defendant.

25.   As a non-exempt employee, K. Lee Brown reasonably expected to receive compensation for the hours she was expected to work in excess of the typical forty (40) hour work week.

26.   K. Lee Brown also reasonably expected that the Defendant would comply with federal and state wage laws, including the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including §207(a)(1), and the Connecticut Minimum Wage Act, General Statutes §§ 31-58 et seq., including §§ 31-71a and 31-76b.

27.    K. Lee Brown also reasonably expected that the Defendant would not seek to evade its obligations under the federal and state wage laws by misclassifying her as an exempt employee.

28.    The Defendant breached the covenant of good faith and fair dealing in that with bad faith and with an interested or sinister motive, the Defendant engaged in acts that include but are not limited to some or all of the following:

(a)    the Defendant failed and refused to pay K. Lee Brown the overtime compensation that she was entitled to receive for every hour she worked in excess of forty (40) hours per work week;

(b)    the Defendant failed and refused to comply with federal and state wage laws regarding the payment of overtime compensation;

(c)    the Defendant evaded its obligations under the federal and state wage laws by misclassifying K. Lee Brown as an exempt employee once she was offered a permanent position.

(d)    the Defendant imposed working conditions that were so difficult and intolerable that K. Lee Brown was constrained to take permanent medical leave;

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

29.     As a proximate result of the Defendant's breach of the implied covenant of good faith and fair dealing, K. Lee Brown has suffered lost compensation, including but not limited to lost wages, fringe benefits and the loss of her employment.

30.     As a further result of the Defendant's breach of the implied covenant of good faith and fair dealing, K. Lee Brown has suffered humiliation, anxiety, pain, suffering and emotional distress.

31.     K. Lee Brown's mounting emotional stress was exacerbated on or about November of 2011, when she began experiencing anxiety attacks that were directly related to the excessive amount of hours that she was required to work without compensation to meet the unreasonable business demands of the Defendant.

32.     As a result of the emotional distress that she suffered as a result of the Defendant's aforementioned policy, practice and/or scheme, K. Lee Brown was placed on permanent medical leave effective January 4, 2012.

33.     As a further result of the Defendant's aforementioned policy, K. Lee Brown was and is severely limited in and unable to enjoy fully and participate in daily activities, including basic living activities and social and recreational

LAW OFFICES  ·  CLENDENEN & SHEA, LLC
400 ORANGE STREET  ·  NEW HAVEN, CT 06511  ·  (203) 787-1183  ·  JURIS NO. 09775

activities. In addition, K. Lee Brown may have to limit her lifestyle and activities in the future as a result of said injuries.

34. As a further result of the Defendant's aforementioned policy, practice and/or scheme, K. Lee Brown has become liable for and has been forced to spend large sums of money for medical care and treatment and will be obliged to pay/reimburse further sums in the future.

**WHEREFORE**, the Plaintiffs demand the following:

1. Back pay;

2. Compensatory damages;

3. Damages for emotional distress;

4. Punitive damages;

5. Demand for jury trial; and

6. Such other and further relief as this court deems equitable and just.

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

21

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

THE PLAINTIFFS
TRACY FRACASSE and
K. LEE BROWN


By: _____
     William H. Clendenen, Jr.
     Kevin C. Shea
     Clendenen & Shea, LLC
     400 Orange Street
     New Haven, Connecticut   06502
     203/787-1183

     R. Bartley Halloran
     Halloran & Halloran
     City Place II - 15th Floor
     185 Asylum Street
     Hartford, CT 06103
     860/726.7810

RETURN DATE:  FIRST TUESDAY OF JUNE, 2012

| | |
|---|---|
| TRACY FRACASSE and K. LEE BROWN | : SUPERIOR COURT<br>:<br>: |
| PLAINTIFFS | :<br>: |
| V. | : JUDICIAL DISTRICT OF<br>: NEW HAVEN AT NEW HAVEN<br>: |
| PEOPLE'S UNITED BANK | :<br>: |
| DEFENDANT | : MAY 3, 2012 |

LAW OFFICES  •  CLENDENEN & SHEA, LLC  •  JURIS NO. 09775
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183

## STATEMENT OF AMOUNT IN DEMAND

Therefore, the Plaintiffs claim damages.  The Plaintiffs state that the amount in demand exclusive of interest and costs is not less than Fifteen Thousand Dollars.

THE PLAINTIFFS
TRACY FRACASSE and
K. LEE BROWN


By: _____
William H. Clendenen, Jr.
Kevin C. Shea
Clendenen & Shea, LLC
400 Orange Street
New Haven, Connecticut   06502
203/787-1183

23

R. Bartley Halloran
Halloran & Halloran
City Place II - 15th Floor
185 Asylum Street
Hartford, CT 06103
860/726.7810